## WILLIAM H. RAYNOR, APPELLANT, v. MARY E. PAGE, IMPLEADED, ETC., RESPONDENT.

*Fraudulent conveyance — action to set aside — what evidence admissible in.*

One Page, after the commencement of a suit against him by the plaintiff, and shortly before the recovery of a judgment therein, conveyed certain real estate to his wife, one of the defendants herein. The wife claimed that she paid her husband $6,000, which amount she borrowed from one Eells, to whom she subsequently conveyed a portion of the property. In an action by the plaintiff to set aside the conveyance, Eells, who was called as a witness, was asked by the plaintiff whether he held the deed by way of mortgage or security to any indebtedness, or as his own absolute property. This question was, upon the objection of the defendant, excluded. *Held*, that this was error.

APPEAL from a judgment in favor of the defendant, entered upon the report of a referee.

This action is brought by a judgment creditor of J. Augustus Page, to set aside conveyances of certain lands, in Brooklyn, made

by him to one Allen and by Allen to Mary E. Page, wife of J. A. Page, as fraudulent as against the plaintiff.

It was claimed on the part of the defendant, that in March, 1873, Page made a parol contract with his wife to convey to her the property in question, if she would make to one Eells, her bond, secured by mortgage on her separate property, for $6,000, to whom Page was then indebted to the amount of $4,000. The mortgage was given by the wife, and, in pursuance of the agreement, Page had the property conveyed to her. Subsequently, Eells satisfied his mortgage in consideration of the conveyance to him by Mrs. Page of a portion of the property.

Other facts appear in the opinion.

*Edmund Coffin, Jr.*, for the appellant.

*Shaw & Jeroloman*, for the respondent.

BARNARD, P. J.:

I think the referee erred in excluding proof as to the manner in which Eells held the deed for the four houses, part of the property in question given him by Mrs. Page. The plaintiff was a judgment creditor of Page. Just before plaintiff recovered a judgment, Page transferred to his wife a large real estate. The consideration claimed to have been paid was $6,000. Eells claimed to have loaned this sum to Mrs. Page, for which he took a mortgage on a house and lot of Mrs. Page, and subsequently took a deed of part of the disputed property, in satisfaction of that mortgage.

The witness was asked how he held that deed, as a mortgage or as his own absolute property, and was not permitted to answer. The entire transaction between Page, Eells and Page's wife, should have been admitted. The validity of the sale to Mrs. Page depended upon being made in good faith and for an adequate consideration. The evidence offered bore upon both these questions.

The referee also erred in excluding the evidence offered, as to the state of the account between Mrs. Page and her husband, at the time of the transfer.

Assuming the referee's conclusion, that the wife paid $6,000 and that that was a fair consideration, his rulings follow as a mat-

ter of course. But the evidence offered bore upon the question whether Mrs. Page did pay, in point of fact, anything, and should have been received before the finding was made upon that point.

Judgment reversed, and new trial granted at circuit, costs to abide event.

Present — BARNARD, P. J., TAPPEN and TALCOTT, JJ.

Judgment reversed and new trial granted, costs to abide event.